UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ELIZABETH SLATER #T2889                                                              PETITIONER

VERSUS                                              CIVIL ACTION NO. 3:22-CV-633-CWR-RPM

BURL CAIN                                                                              RESPONDENT

### REPORT AND RECOMMENDATION

Elizabeth Slater filed on October 28, 2022, a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. She amended her petition on February 16, 2023. In her petition and amended petition, Slater challenges the Mississippi Department of Corrections' (MDOC) calculation of her criminal sentences and argues she should be given credit for time served, thereby making her parole eligible. Doc. [1]; Doc. [8] at 5, 14-15. At the time she filed her petition, Slater was in the custody of the MDOC serving sentences for manslaughter and uttering forgery. Doc. [16-5] [16-6] [16-7]. On June 15, 2023, after Slater filed her petition, the MDOC recomputed her sentences, gave her credit for time served, and updated her parole eligibility date. Doc. [16-1]. On July 26, 2023, the Mississippi Parole Board issued a "Certificate of Parole" indicating that Slater was eligible to be paroled on August 14, 2023. Doc. [18-1]. On August 14, 2023, Slater signed her parole certificate. Doc. [18-1]. She is no longer in MDOC custody. Doc. [18] at 4 & n.2. Before the Court is Respondent's motion to dismiss asserting (1) the petition is moot; (2) Slater fails to state a constitutional claim; and (3) Slater failed to exhaust remedies. Slater has not filed a response in opposition to the motion to dismiss. Doc. [16].

As an initial matter, the undersigned questions whether Slater has stated a cognizable constitutional claim. She challenges the calculation of her sentence and argues that if her sentence were properly calculated, she would be parole eligible. Parole in Mississippi is purely

discretionary.  Section 47-7-1, *et seq.*, of the Mississippi Code gives the Parole Board sole discretion to award parole.  The Mississippi Supreme Court has held that "a prisoner has no automatic entitlement to parole … the possibility of parole provides no more than a mere hope that the benefit will be obtained."  *Davis v. State of Mississippi*, 429 So.2d 262, 263 (Miss. 1983).  The Fifth Circuit has held that a Mississippi inmate has "no constitutionally recognized liberty interest" in parole and no liberty interest in a parole hearing.  *Wansley v. Mississippi Dep't of Corrections*, 769 F.3d 309, 312-13 (5th Cir. 2014); *Scales v. Mississippi State Parole Board*, 831 F.2d 565, 566 (5th Cir. 1987).  The Northern District of Mississippi further clarified that even inmates eligible for parole can only hope to be granted this privilege, but this hope is not a liberty interest protected by due process.  *Davis v. Johnson*, 205 F. Supp. 2d 616, 619 (N.D.Miss. June 20, 2002).  Slater possesses no liberty interest in parole or in a parole hearing; therefore, her petition fails to state a claim of constitutional magnitude.

Regardless, Slater's petition is now moot.  "Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies."  *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990).  A case becomes moot if it ceases to present a case or controversy.  *Spencer v. Kemna*, 523 U.S. 1, 12 (1998).  In her petition, Slater sought credit for time served on her sentence.  As requested by her petition, the MDOC recalculated her sentence computation and gave her credit for time served, thereby making her parole eligible.  *See Shoemate v. Mississippi Dep't of Corrections*, 668 F.App'x 124, 125 (5th Cir. 2016); *Hernandez v. Rivera*, No. 1:13-CV-261, 2013 WL 6172364, at *2 (E.D.Tex. Nov. 22, 2013).  Later, she was released on parole.  *See Frishchenmeyer v. Quarterman*, 187 F.App'x 378 (5th Cir. 2006) (petition challenging parole board's refusal to grant petitioner release on parole rendered moot by petitioner's release on mandatory supervision); *Gray v. Dretke*, 135 F.App'x 711, 712 (5th

Cir. 2005) (holding federal claim for loss of good time credit became moot when petitioner released on parole); *Ramsey v. King*, No. 1:20-cv-10-TBM-RPM, 2021 WL 852196, at *2-3 (S.D.Miss. Jan. 8, 2021) (release on parole rendered petition moot); *Hood v. Thaler*, No. 4:12-CV-208-Y, 2012 WL 3590850, at *2 (N.D.Tex. July 17, 2012).  Slater's petition no longer presents an ongoing case or controversy and therefore is moot.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Respondent's motion to dismiss be GRANTED, and that Elizabeth Slater's 28 U.S.C. § 2254 habeas petition be dismissed as moot.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court.  A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections.  Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties.  A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court.  Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted

by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED AND ADJUDGED, this the 9th day of November 2023.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE